■ KOSHGARIAN AND SCHREINER, Respondent, v JESSE E. VICS, Appellant.—Main, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered May 7, 1984 in Albany County, which granted plaintiff's motion for summary judgment and denied as moot defendant's cross motion for an order of preclusion.

Plaintiff sued to recover for accounting services rendered to defendant, who admits that he received accounting services from some accountants who may have been associated with plaintiff. By way of affirmative defenses, however, defendant asserts that plaintiff lacked legal capacity to sue, that necessary parties were not joined, that the accounting services were negligently performed and resulted in financial loss, and that plaintiff failed to properly apply credits due defendant and duplicated charges. Defendant further sought a bill of particulars concerning the services plaintiff performed and the partnership status of plaintiff. No bill of particulars was served and plaintiff moved for summary judgment. Defendant cross-moved for an order of preclusion in the absence of the bill of particulars. Special Term granted the motion for summary

judgment and denied the cross motion as moot. From the order entered thereon, defendant appeals.

We find no merit to defendant's affirmative defenses alleging that plaintiff has no legal capacity to sue and has failed to join a necessary party. The complaint alleges plaintiff's existence as a partnership and an affidavit by a partner of plaintiff establishes such. This affidavit further reveals that plaintiff is the successor to other partnerships which rendered services to defendant and that plaintiff owns the obligations and receivables of the former partnerships. On this record, it is apparent that plaintiff has legal capacity to sue and has not failed to join a necessary party.

Regarding the other affirmative defenses asserted by defendant, we disagree with Special Term's conclusion that they are without merit under the doctrine of collateral estoppel. Even if the matters alleged in these affirmative defenses were addressed in an action between the parties in the Small Claims Part of Albany City Court, such facts and issues deduced therein cannot be deemed to have been adjudicated for the purposes of this action (UJCA 1808). It is evident, however, that defendant's allegations of plaintiff's negligence and failure to properly charge for work performed do not refute plaintiff's claim and, thus, cannot stand in the way of plaintiff's motion for summary judgment. Such allegations do, however, address the extent of damages and it is, therefore, appropriate for a trial to be held to determine this issue (*see,* CPLR 3212 [c]). In this regard, defendant would seem entitled to discovery concerning the specifics of the work performed by plaintiff or its predecessors for him.

Order modified, on the law, without costs, by reversing so much thereof as awarded plaintiff judgment in the amount of $1,835; matter remitted to Special Term for further proceedings not inconsistent herewith; and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.