■ In the Matter of the Arbitration between LAWRENCE CARP, Appellant, and JILL VAN TASSEL, Respondent. [650 NYS2d 900] —Cardona, P. J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 11, 1995 in Cortland County, which granted respondent's application, in a proceeding pursuant to CPLR article 75, to, *inter alia,* vacate an order confirming an arbitration award.

In October 1993, respondent, an 18-year-old college student at the State University of New York in Oswego (hereinafter SUNY), responded to an advertisement offering physics tutoring posted by petitioner, a former instructor at SUNY. According to respondent, the first time she met with petitioner he told her that the charge for the first session of tutoring was $5

per hour. After the first session, respondent showed petitioner a fee scale which indicated that in order to obtain his services at $10 per hour, respondent had to "sign up" for 50 hours of instruction and if she signed up for 10 hours it would cost her $50 per hour. Respondent did not initially sign a contract but at the next tutoring session she signed a lengthy two-page agreement.

The agreement sets forth a confusing sliding scale fee arrangement which first lists petitioner's fee as $100 per hour "to be discounted to $9.50 per hour as consideration for [respondent] performing [her] part of this contract". Despite the statement concerning the discount, the next sentence states that respondent must pay petitioner $100 per session. The contract required respondent to pay for 50 hours of instruction regardless of whether the instruction occurred. In a paragraph entitled "Default", the agreement describes numerous ways in which respondent could be considered in default including her failure to timely pay petitioner as described above. Among other things, the contract also required respondent to give up valuable legal rights and provided for binding arbitration at the sole discretion of petitioner with an arbitrator of his choice. Respondent was to bear the costs of any litigation or arbitration, including petitioner's counsel fees, even if such proceedings resulted in an outcome in her favor.

Respondent paid petitioner $360 in advance for tutoring sessions. Disputes soon arose between the parties concerning scheduling. According to respondent, the parties met for a total of 13 sessions. Respondent filed a claim in small claims court in the City of Syracuse, Onondaga County. Petitioner duly appeared for this proceeding and the court determined that petitioner was entitled to $130 for his services. Consequently, respondent was granted a judgment for a refund of the remainder of her deposit in the amount of $230. Petitioner paid the amount in exchange for a release from respondent which included "all claims related to the contract between the parties". The judgment and release are dated May 2, 1994.

However, on May 7, 1994, an arbitration award of approximately $5,000 together with arbitrator's fees was rendered in petitioner's favor. Respondent, who did not participate in the arbitration process, claims she never received service of the intent to arbitrate. Respondent acknowledges receiving a copy of petitioner's notice of motion to confirm the arbitration award but claims that she mistook the return date. Upon respondent's default, Supreme Court confirmed the arbitration award by order entered March 27, 1995. On June 9,

1995, respondent moved to vacate the order confirming the arbitration award as well as the arbitration award itself. Supreme Court granted this motion in its entirety and petitioner appeals.

We affirm. It is apparent from the record that the small claims proceeding that petitioner fully participated in finally resolved petitioner's claim for payment. Accordingly, the subsequent arbitration award was properly vacated as barred pursuant to the doctrine of res judicata (*see, e.g., Omara v Polise*, 163 Misc 2d 989; *Chang v Chiariello*, 114 Misc 2d 186; *see also*, UJCA 1808; Siegel, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, UJCA 1808, 1996 Pocket Part, at 49). While petitioner argues that his alleged intent to arbitrate pursuant to the agreement should render this judgment a nullity, we note that he did not pursue an appeal of the small claims judgment.

We note additionally that although our determination as to the foregoing issue renders it unnecessary to consider Supreme Court's alternate conclusion that the parties' agreement was void as unconscionable, were we to rule on that issue we would agree with Supreme Court.

The remaining arguments advanced by petitioner have been considered and found to be either without merit or rendered academic by our decision herein.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.