■ ADAM B. COHEN, Appellant, v ANDREW BLOOM et al., Respondents. [652 NYS2d 54] —In an action to recover damages for breach of a lease agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered October 30, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The default judgment obtained by the defendant tenants in the Justice Court of the Town of Southampton, Suffolk County, whereby they recovered their security deposit pursuant to a lease with the plaintiff landlord, is not a bar to the present action by the plaintiff to recover damages for breach of the same lease. Although ordinarily a default judgment bars the litigation of issues that were, or could have been, determined in the prior action (*see, Hunt v Dogesky*, 189 AD2d 854; *Tantillo v Giglio*, 156 AD2d 664; *Chisolm-Ryder Co. v Sommer & Sommer*,

78 AD2d 143), pursuant to UJCA 1808, a judgment of a Justice Court "may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein" (UJCA 1808). The judgment obtained by the defendants in the Justice Court is therefore not a bar to the present action in the Supreme Court (*see, Purnavel v Tel-A-Car of N.Y.*, 204 AD2d 297; *Koshgarian & Schreiner v Vics*, 112 AD2d 575; *Stern v Hausberg*, 22 AD2d 669; Siegel, NY Prac § 585 [2d ed]; *see also, Koch v Consolidated Edison Co.*, 62 NY2d 548, 556, n 7; Annot, *Res Judicata as Affected by Limitation of Jurisdiction of Court Which Rendered Judgment*, 83 ALR2d 977). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.