■ F.A. BARTLETT TREE EXPERT Co., Appellant, v RICHARD P. KATZ et al., Respondents. [672 NYS2d 775] —In an action, *inter alia*, to recover damages for breach of a restrictive covenant in an employment agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered April 25, 1997, as denied its motion, *inter alia*, to preliminarily enjoin the defendants from "engaging in any activities relating to the business of preserving, caring for and treating trees and shrubs" in Nassau County for a period of two years.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court properly denied, without a hearing, the plaintiff's motion to preliminarily enjoin the defendants, the plaintiff's former employee and his new employer, from, *inter alia*, pursuing their business of caring for trees and shrubs anywhere in Nassau County for two years after the plaintiff had terminated the employment of the defendant Richard P. Katz. The plaintiff failed to meet its burden of showing the likelihood of success on the merits, any irreparable harm absent injunctive relief, and that the equities were balanced in its favor (*see, e.g., Skaggs-Walsh, Inc. v Chmiel*, 224 AD2d 680; *Hudson Val. Propane Corp. v Byrne*, 24 AD2d 908; *Abdallah v Crandall*, 273 App Div 131; *see also*, CPLR 6312). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.