■ Mahmood Khan, Respondent, v State University of New York Health Science Center at Brooklyn, Appellant. [706 NYS2d 192] —In an action, *inter alia,* to permanently enjoin the defendant from taking any "retaliatory personnel action" against the plaintiff in violation of Labor Law § 740, the defendant appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated May 12, 1999, which granted the plaintiff's motion for a preliminary injunction restraining the defendant from discharging the plaintiff from his employment pending the trial of the action.

Ordered that the order is reversed, with costs, and the motion is denied.

It is well settled that a preliminary injunction may be granted under CPLR article 63 only if the party seeking such relief has demonstrated (1) the likelihood of success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities weighing in favor of the moving party (*see,* CPLR 6301; *Bartlett Tree Expert Co. v Katz,* 250 AD2d 726). Assuming that the plaintiff made an adequate showing of merit and that the equities bal-

ance in his favor, the plaintiff failed to establish irreparable injury.

The plaintiff claimed that he would be irreparably harmed without the issuance of the injunction because if he lost his position as a faculty member with the defendant, he would have no one to support him, he would be unable to live in the New York metropolitan area, and would be unable to prosecute this action. In addition, the plaintiff claims, for the first time on appeal, that if he were to be out of work for an extended period, he would have to return to Australia and would never be able to obtain United States citizenship. Appellate review is limited to the record made at the Supreme Court and, absent matters that may be judicially noticed, new facts may not be injected at the appellate level (*see, Broida v Bancroft,* 103 AD2d 88). In any event, the plaintiff's contentions are wholly speculative and conclusory, and, therefore, are insufficient to satisfy the burden of demonstrating irreparable injury (*see, Wurttembergische Fire Ins. Co. v Pan Atl. Underwriters,* 133 AD2d 268, 269). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.