■ DONNA E. GORE et al., Individually and as Parents and Natural Guardians of ALISA GORE et al., Infants, Respondents, v STEPHANIE MACKIE, Defendant, and MIRIAM OLMO, Appellant. [718 NYS2d 762] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Miriam Olmo dismissed. Memo-

randum: Supreme Court erred in denying that part of the motion of Miriam Olmo (defendant) seeking summary judgment dismissing the complaint to the extent that it alleges that she violated Vehicle and Traffic Law § 1210 (a). Defendant established as a matter of law that her keys were "hidden from sight about the vehicle for convenience or emergency" (Vehicle and Traffic Law § 1210 [a]; *see, Banellis v Yackel*, 49 NY2d 882, 884). Defendant further contends that the court erred in denying that part of her motion seeking dismissal of the negligent supervision and negligent entrustment claims. We agree. With respect to negligent supervision, defendant established as a matter of law that she had no knowledge that her daughter had any "propensity to utilize automobiles without permission, or to steal or borrow items which [s]he was not authorized to use" (*Sherri v Gerwell*, 262 AD2d 394, 395). With respect to negligent entrustment, defendant established as a matter of law that she did not entrust her daughter with her vehicle (*see, Nolechek v Gesuale*, 46 NY2d 332, 340).

The court further erred in denying that part of defendant's motion seeking dismissal of the claim for property damage because that claim is barred by the doctrine of res judicata. Plaintiffs commenced a small claims action against defendant in Buffalo City Court seeking $3,000 for property damage to plaintiffs' vehicle, and that action was dismissed on the merits. Relying on UCCA 1808, plaintiffs now seek to recover the sum of $4,100 less the $3,000 at issue in the prior small claims action. The record establishes that the small claims action in which plaintiffs fully participated finally resolved their claim, and thus their present claim for property damage is barred (*see, Omara v Polise*, 163 Misc 2d 989, 990; Siegel, NY Prac § 585, at 973 [3d ed]; *see generally, Mendez v Airport Transmission*, 272 AD2d 987, 988; *Matter of Carp [Van Tassel]*, 234 AD2d 715, *lv denied* 89 NY2d 813). Finally, the court erred in finding that an issue of fact remains whether defendant was liable under a theory of common-law negligence. Thus, we reverse the order insofar as appealed from, grant the motion of defendant and dismiss the complaint against her. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.