■ SAMUEL-ROZENBAUM USA, INC., Respondent, v SHLOMO FELCHER, Appellant. [741 NYS2d 1] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 7, 2001, which granted plaintiff's motion to preliminarily enjoin defendant from, inter alia, transacting business with plaintiff's customers, and denied defendant's cross motion to dismiss the action for lack of personal jurisdiction, unanimously modified, on the law, to deny plaintiff's motion for preliminary injunctive relief, and otherwise affirmed, without costs.

The cross motion to dismiss the action for lack of personal jurisdiction over defendant was properly denied. Although a Colorado resident, defendant transacted business exclusively through plaintiff's New York office for several months preceding the events which form the basis of plaintiff's complaint. Accordingly, personal jurisdiction was properly obtained pursuant to CPLR 302. The grant of plaintiff's motion for preliminary injunctive relief, on the other hand, was in error. To the extent that plaintiff presents any cognizable claim for equitable, as opposed to legal, relief in the form of money damages (*see*, *Roushia v Harvey*, 260 AD2d 687), the claim rests upon allegations that plaintiff abused his position of trust during his tenure in plaintiff's employ to misappropriate secret or confidential

information and has subsequently utilized that information to solicit plaintiff's clientele. While an injunction to protect trade secrets or confidential information will, on occasion, be granted, even, where as here, there is no agreement protecting such material (*see, Town & Country House & Home Serv. v Newbery*, 3 NY2d 554), plaintiff has not made the necessary showing that it will likely prevail in demonstrating that defendant misappropriated any information, much less trade secrets and confidential information, and thus, one of the conditions of preliminary injunctive relief, i.e., a demonstration that the movant is likely to succeed on the merits (*see, Watmet, Inc. v Robinson*, 116 AD2d 998), has not been satisfied. Plaintiff's assertions that its purportedly confidential client list should be protected as a trade secret, because the identities of the listed Vietnamese diamond retailers are not easily obtained, are countered by defendant's contentions that plaintiff never supplied him with a customer list, and that he sold diamonds only to customers either acquired by him prior to his affiliation with plaintiff or developed thereafter through his own efforts, all of whom, in any event, were easily accessible by reference to trade magazines or the telephone directory, and could be readily solicited with respect to their interest in purchasing wholesale diamonds (*cf., Town & Country House & Home Serv. v Newberry, supra*). It is not possible properly to conclude from these conflicting allegations that plaintiff will likely demonstrate defendant's appropriation and misuse of any information deserving the law's protection (*see, Smith v Train, Smith, Counsel*, 269 AD2d 299; *see also, Data Sys. Computer Ctr. v Tempesta*, 171 AD2d 724). Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.