■ BEATA MOLSKA, Respondent, v JOEL H. GARFIELD, Appellant. [767 NYS2d 911]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 6, 2003, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The parties were involved in a motor vehicle accident on August 14, 2001. Joel H. Garfield commenced an action against Beata Molska in the Small Claims Part of the Village Justice Court of the Village of Mamaroneck to recover $3,000 for property damage to his vehicle. After a trial, the Village Justice Court concluded that Garfield was responsible for the accident and entered judgment in favor of Molska dismissing the action.

Thereafter, Molska commenced the instant action against Garfield, who asserted Molska's culpable conduct as an affirmative defense. Molska then moved for summary judgment on the issue of liability, arguing that the issue was res judicata. The Supreme Court granted the motion, finding that Garfield had a full and fair opportunity to litigate the issue of liability in the Village Justice Court and thus was barred from relitigating that issue.

UJCA 1808 provides that "[a] judgment obtained under this article may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein."

Here, the defendant was not barred from litigating the issue of liability since the language of UJCA 1808 expressly provides

that a small claims judgment is not res judicata with respect to the adjudication of any fact at issue or found therein (*see Cohen v Bloom,* 234 AD2d 499 [1996]; *Purnavel v Tel-A-Car of N.Y.,* 204 AD2d 297 [1994]; *Czora v Ahrens,* 74 Misc 2d 601 [1973]; *cf. Omara v Polise,* 163 Misc 2d 989 [1995]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.