■ CHANNING REUSCHENBERG et al., Respondents-Appellants, v TOWN OF HUNTINGTON, Appellant-Respondent. [791 NYS2d 652]—

In an action, inter alia, for specific performance of a stipulation of settlement, the defendant appeals from so much of (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 28, 2003, as denied that branch of its motion which was to dismiss the second cause of action, and granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining it from impeding the plaintiffs' use of their real property to operate their business, and (2) an order of the same court dated December 23, 2003, as, upon reargument, reinstated the first cause of action and continued the preliminary injunction, and the plaintiff cross-appeals from so much of the order dated December 23, 2003, as, upon reargument, adhered to so much of the prior order as dismissed the third and fifth causes of action.

Ordered that the appeal from the order dated May 28, 2003, is dismissed, as that order was superseded by the order dated December 23, 2003, made upon reargument; and it is further,

Ordered that the order dated December 23, 2003, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

To prevail on a motion for a preliminary injunction, the moving party must establish: (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the moving party's position (see CPLR 6301; South Amherst, Ltd. v H.B. Singer, LLC, 13 AD3d 515 [2004]; Ryan v Dowicz, 306 AD2d 396 [2003]).

The plaintiffs demonstrated a likelihood of success on the merits with respect to their first and second causes of action, alleging, respectively, the defendant's breach of a stipulation the parties executed in October 1999 in settlement of their long-standing zoning dispute, and its breach of the covenant of good faith and fair dealing. The parties' dispute began in the late 1980s, when the plaintiffs commenced an action in an effort to re-zone the subject property so they could operate their pre-cast cement business. Over the years, other lawsuits followed, and each one resulted in judgments favorable to the plaintiffs. Finally, in October 1999 the parties entered into a stipulation

settling their dispute. Among other things, the defendant agreed that it would "impose no impediment" to the plaintiffs' application for a special exception to operate their business on the subject property. However, there is ample evidence in the record that, despite the stipulation, the defendant has continued to frustrate the plaintiffs' efforts. For example, following execution of the stipulation, the plaintiffs submitted an application for a special use permit to the Town of Huntington's Zoning Board of Appeals (hereinafter the ZBA). The ZBA struck the application from its calendar on the "advice of counsel" (who also was the defendant's counsel) for the stated reason that the matter already had been "resolved by stipulation" between the parties. Furthermore, in September 2001 the defendant resolved to take the plaintiffs' property by eminent domain.

The plaintiffs sufficiently demonstrated a likelihood of success on the merits of the first and second causes of action.

The plaintiffs also established that they would suffer irreparable harm if the preliminary injunction was not issued. This requirement may be met by proof that the defendant's act threatens to destroy an ongoing business concern, and the plaintiffs have made such a showing (*see Newport Tire & Rubber Co. v Tire & Battery Corp.*, 504 F Supp 143 [1980]).

Moreover, the balance of equities tips in the plaintiffs' favor. While the plaintiffs will lose their livelihood if the injunction does not issue, the defendant has not shown that it will suffer any hardship during the pendency of a preliminary injunction.

The parties' remaining contentions are without merit. H. Miller, J.P., Ritter, Krausman and Mastro, JJ., concur.