■ APA SECURITY, INC., Respondent, v STEVEN APA et al., Appellants. [831 NYS2d 201]—

In an action, inter alia, for injunctive relief, the defendants appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 2, 2006, which granted the plaintiff's motion for a preliminary injunction, inter alia, enjoining and restraining them from contacting, soliciting, or servicing the plaintiff's customers.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for a preliminary injunction is denied.

The plaintiff Apa Security, Inc. (hereinafter the plaintiff), sells, installs and maintains security alarm systems for both residential and commercial purposes. The defendant Steven Apa worked for the plaintiff from time to time, but not since December 1995. The defendant Patrick Rose was hired as a sales representative for the plaintiff and he significantly increased the plaintiff's sales volume. After Apa and Rose conducted a due diligence review and unsuccessfully negotiated to purchase the plaintiff's stock, Rose's employment was terminated. Thereafter, Rose and Apa formed their own security alarm company, Apa & Rose Security, Inc.

The plaintiff commenced the instant action against Rose, Apa, and Apa & Rose Security, Inc. (hereinafter collectively the

defendants), seeking damages and injunctive relief. The plaintiff alleged, inter alia, that eight of its customers were contacted and solicited to move their business from the plaintiff to the defendants. The Supreme Court granted the plaintiff's motion for a preliminary injunction. We reverse.

In order "to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position" (*Amana Express Intl. v Pier-Air Intl.*, 211 AD2d 606, 606 [1995]). In the absence of an agreement to the contrary, "[s]olicitation of an employer's customers by a former employee through the use of a customer list is not actionable unless the customer list is considered a trade secret or there was wrongful conduct by the employee such as physically taking or copying the employer's files or using confidential information" (*see Eastern Bus. Sys. v Specialty Bus. Solutions*, 292 AD2d 336, 338 [2002]).

The plaintiff failed to meet its burden of demonstrating a likelihood of success on the merits. Contrary to the plaintiff's contention, the identities of its customers did not constitute a trade secret because they were readily ascertainable from nonconfidential sources (*see Reed, Roberts Assoc. v Strauman*, 40 NY2d 303 [1976]; *Leo Silfen, Inc. v Cream*, 29 NY2d 387 [1972]; *Samuel-Rozenbaum USA v Felcher*, 292 AD2d 214, 215 [2002]; *Atmospherics, Ltd. v Hansen*, 269 AD2d 343 [2000]; *Savannah Bank v Savings Bank of Fingerlakes*, 261 AD2d 917 [1999]). Further, there was no evidence that either Apa or Rose copied or memorized any customer information from confidential sources (*see Reed, Roberts Assoc. v Strauman, supra*; *H & R Recruiters v Kirkpatrick*, 243 AD2d 680, 681 [1997]). Accordingly, the preliminary injunction was improperly granted.

In light of this determination, we do not reach the defendants' remaining contentions. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.