■ Udo H. Schutte, Respondent, v Stacy Kaufman, Appellant, et al., Defendants. [835 NYS2d 435]—

In an action, inter alia, to permanently enjoin the defendants from directly or indirectly performing any acts in furtherance of a conspiracy to injure the plaintiff in the exercise of his profession as a dentist, the defendant Stacy Kaufman appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered April 4, 2006, as granted the plaintiff's motion for a preliminary injunction to the extent of enjoining and restraining her from releasing or disseminating the private and confidential names, addresses, telephone numbers, and patient records of the plaintiff's current and former patients, and granted the plaintiff's separate motion to dismiss the defendant Stacy Kaufman's counterclaims on the ground of res judicata.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion to dismiss the counterclaims, and substituting therefor a provision granting that motion only to the extent that it sought the dismissal of those portions of the third and fourth counterclaims which are predicated on allegations that the plaintiff unnecessarily replaced one of the defendant Stacy Kaufman's crowns, and otherwise denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court erred in dismissing the defendant Stacy Kaufman's counterclaims on the ground of res judicata. As applicable to this case, and prior to its amendment effective August 9, 2005 (see L 2005, ch 443), section 1808 of the New York City Civil Court Act provided that "[a] judgment obtained under this article may be pleaded as res judicata *only* as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court" (emphasis supplied). Accordingly, except for the amount involved, it was error to accord the action between Stacy Kauf-

man and the plaintiff in Small Claims Court res judicata effect and to dismiss the counterclaims on that basis (*see Molska v Garfield,* 2 AD3d 510, 510-511 [2003]; *Cohen v Bloom,* 234 AD2d 499 [1996]; *Purnavel v Tel-A-Car of N.Y.,* 204 AD2d 297 [1994]; *cf. Koch v Consolidated Edison Co. of N.Y.,* 62 NY2d 548, 556 [1984]; *Gore v Mackie,* 278 AD2d 879 [2000]; *Matter of Carp [Van Tassel],* 234 AD2d 715 [1996]). Nevertheless, in light of Kaufman's concession on appeal that those parts of her third and fourth counterclaims were properly dismissed, those counterclaims should be reinstated only to the extent indicated.

Contrary to Kaufman's contention, the Supreme Court providently exercised its discretion in issuing a preliminary injunction in this case (*see* CPLR 6301; *Coinmach Corp. v Alley Pond Owners Corp.,* 25 AD3d 642, 643 [2006]; *Reuschenberg v Town of Huntington,* 16 AD3d 568, 569-570 [2005]).

Kaufman's remaining contentions either are without merit or need not be reached in light of our determination. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.