■ EDGAR GLUCK et al., Appellants, v CHEVRE LIADY NUSACH HOARY et al., Respondents. [865 NYS2d 356]—

In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Garvey, J.), dated April 30, 2007, which denied their motion for a preliminary injunction and granted the cross motion of the defendants, among other things, to preliminarily enjoin the plaintiffs Edgar Gluck, Elisha Roseman, George Margareten, Thomas Paneth, Abraham Kleinbart, Moshe Gottesman, Bernard Rosenblum, Leah Werner, Yaakov Singer and Paul Zicherman, from holding themselves out as members of the Board of Directors of the plaintiff Northern Services Group, Inc.

Ordered that the order is affirmed, with one bill of costs.

In order "to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position" (*Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007] [internal quotation marks omitted]). "The purpose of a preliminary injunction is to maintain the status quo pending determination of the action . . . The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court" (*Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008] [internal quotation marks and citations omitted]).

Here, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction. The plaintiffs failed to demonstrate by clear and convincing evidence a likelihood of success on the merits. In contrast, the defendants met their burden of demonstrating a likelihood of success on the merits. The evidence demonstrated that the bylaws of the plaintiff Northern Service Group, Inc. (hereinafter NSG), a New York not-for-profit corporation, were amended in 2004 to install the defendant Chevre Liady Nusach Hoary (hereinafter Chevre Liady) as NSG's sole member (*see* N-PCL 602 [b]). Consequently, as sole member, Chevre Liady had the authority to remove members of the NSG Board of Directors (*see* N-PCL 706 [a]).

Furthermore, the evidence was sufficient to demonstrate that the defendants would suffer irreparable harm absent the granting of a preliminary injunction and that a balance of the equities favors granting their cross motion for a preliminary injunction (*see Reuschenberg v Town of Huntington,* 16 AD3d 568, 570

[2005]). Accordingly, the Supreme Court properly granted the defendants' cross motion for a preliminary injunction. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.