■ ROBERT DIXON, Appellant, v WALDY MALOUF, Respondent. [875 NYS2d 918]—In an action, inter alia, for specific performance of a contract for the sale of an interest in a limited liability company, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated May 2, 2008, as denied his cross motion to preliminarily enjoin the defendant from, among other things, interfering with his management and operation of the subject company.

Ordered that the order is affirmed insofar as appealed from, with costs.

To be entitled to a preliminary injunction, the moving party has the burden of demonstrating (1) a likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Coinmach Corp. v Alley Pond Owners Corp.*, 25 AD3d 642, 643 [2006]). The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual (see *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604 [2004]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (see *Ruiz v Meloney*, 26 AD3d at 486).

Here, the plaintiff failed to meet his burden of demonstrating that he would suffer irreparable injury if the preliminary injunction were not granted (see *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 271 AD2d 656, 657 [2000]; *Neos v Lacey*, 291 AD2d 434, 435 [2002]; *Kurzban & Son v Board of Educ. of City of N.Y.*, 129 AD2d 756, 757 [1987]). Accordingly, the Supreme Court properly denied his cross motion for a preliminary injunction.

In light of our determination, the plaintiff's remaining contentions are academic. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.