■ WILLIAM TATUM et al., Appellants, v NEWELL FUNDING, LLC, Respondent. [880 NYS2d 542]—In an action for a judgment declaring, in effect, that a certain loan agreement is usurious, void, and unenforceable, the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated October

3, 2007, which denied their motion, in effect, for a preliminary injunction enjoining the defendant from selling a certain cooperative apartment unit.

Ordered that the order is affirmed, with costs.

In order to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the movant's position (*see Gluck v Hoary*, 55 AD3d 668 [2008]; *Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]).

Here, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction because the plaintiffs failed to demonstrate, by clear and convincing evidence, a likelihood of success on the merits (*see Gluck v Hoary*, 55 AD3d at 668; *Apa Sec., Inc. v Apa*, 37 AD3d at 503). Florio, J.P., Miller, Covello and Austin, JJ., concur.