■ BLINDS AND CARPET GALLERY, INC., et al., Appellants, v E.E.M. REALTY, INC., Respondent. [917 NYS2d 680]—

In order to prevail on a motion for a preliminary injunction,

the movant must demonstrate, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the movant's position (*see Tatum v Newell Funding, LLC*, 63 AD3d 911, 912 [2009]; *Gluck v Hoary*, 55 AD3d 668 [2008]; *Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]).

Here, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction because the plaintiffs failed to demonstrate, by clear and convincing evidence, a likelihood of success on the merits (*see Tatum v Newell Funding, LLC*, 63 AD3d at 912; *Gluck v Hoary*, 55 AD3d at 668) or that they would suffer irreparable injury if the preliminary injunction was not granted (*see Dixon v Malouf*, 61 AD3d 630 [2009]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d at 1073; *Matos v City of New York*, 21 AD3d 936, 937 [2005]; *1659 Ralph Ave. Laundromat Corp. v Ben David Enters.*, 307 AD2d 288, 289 [2003]). Covello, J.P., Lott, Roman and Miller, JJ., concur.