■ HUGH ROWLAND, JR., et al., Appellants, v LEONA DUSHIN et al., Respondents. [917 NYS2d 702]—

The defendant Leona Dushin (hereinafter Dushin) owns several parcels of contiguous real property in the Town of Philipstown, Putnam County, and in the neighboring Town of Cortlandt, in Westchester County. The parcel at issue is known as the "Dushin Pasture" where Dushin operates a horse farm which has been in continuous existence since 1948. Dushin resides with her adult son, the defendant Karl Dushin, in a residence situated on a separate lot north of the Dushin Pasture. The plaintiff Hugh Rowland, Jr., owns a parcel of real property directly to the south of the Dushin Pasture. The plaintiff David Spears owns a parcel of real property located to the west of the Dushin Pasture. Both Rowland and Spears access their properties via a 600-foot driveway located on Spears's property and over which Rowland has an easement. The driveway runs paral-

lel to and is near the boundary between Spears's property and the Dushin Pasture. In this action, the defendants challenge Dushin's construction of a pole barn in the vicinity of the driveway. The Supreme Court denied the plaintiffs' motion for a preliminary injunction. We affirm.

To be entitled to a preliminary injunction, a movant must establish (1) a likelihood or probability of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6312 [c]; *Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822, 824 [2010]; *Yemini v Goldberg*, 60 AD3d 935, 936 [2009]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Gluck v Hoary*, 55 AD3d 668, 668 [2008]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]).

Here, the plaintiffs did not meet their burden of demonstrating that they would suffer irreparable injury if the preliminary injunction were not granted (*see Dixon v Malouf*, 61 AD3d 630 [2009]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072 [2008]; *1659 Ralph Ave. Laundromat Corp. v Ben David Enters.*, 307 AD2d 288, 289 [2003]; *Khan v State Univ. of N.Y. Health Science Ctr. at Brooklyn*, 271 AD2d 656 [2000]; *cf. Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700 [2008]). The plaintiffs failed to point to any imminent and nonspeculative harm that would befall them in the absence of the requested relief, and failed to demonstrate that any injuries they would suffer would not be compensable by money damages (*see EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2007]; *Neos v Lacey*, 291 AD2d 434, 435 [2002]).

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a preliminary injunction. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.