■ Michael Reichman, Appellant, v Paul Reichman, Respondent. [930 NYS2d 262]—

The plaintiff commenced this action, inter alia, for a judgment declaring that he is the holder of the majority of shares in Bedbathstore.com, LLC (hereinafter the LLC), for an accounting, and to impose a constructive trust. The plaintiff moved to preliminarily enjoin the defendant, the other member of the LLC, from, inter alia, having access to the assets and records of the LLC, during the pendency of this action.

"A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor" (*Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 844 [2009]; *see Shasho v Pruco Life Ins. Co. of N.J.*, 67 AD3d 663, 665 [2009]; *Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2005]). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (*Ruiz v Meloney*, 26 AD3d 485, 486 [2006]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 625 [2011]). "The mere existence of an issue of fact will not itself be grounds for the denial of the motion" (*id.*).

Here, the plaintiff demonstrated, inter alia, a likelihood of ultimate success on the merits on the causes of action for an accounting and to impose a constructive trust by submitting evi-

dence tending to show that he is a member of the LLC, including a copy of the LLC operating agreement, which states that he owns a 40% share of the LLC (*see* Limited Liability Company Law § 1102 [a]; *see also Man Choi Chiu v Chiu*, 38 AD3d 619, 620-621 [2007]; *Matter of Capizola v Vantage Intl.*, 2 AD3d 843, 844-845 [2003]). Contrary to the defendant's contention, the record does not show, at this point, that those causes of action are time-barred (*see* CPLR 213 [1]), and does not show that it was improper for the plaintiff to seek such relief in his individual capacity (*see Craven v Rigas*, 85 AD3d 1524 [2011]). Further, the plaintiff demonstrated potential irreparable injury to the company absent the preliminary injunction, and the balance of the equities are in the plaintiff's favor (*see S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 629, 630 [2011]; *Hicksville Props. v Wollenhaupt*, 268 AD2d 407, 409 [2000]). Under these circumstances, the Supreme Court should have granted the plaintiff's motion to the extent indicated herein. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.