■ JEROME COOPER et al., Appellants, v BOARD OF WHITE SANDS CONDOMINIUM et al., Respondents. [931 NYS2d 696]—

The plaintiffs are owners of a condominium unit located in the White Sands Condominium, while the individual defendants are members of the condominium board. The plaintiffs moved for a preliminary injunction compelling the board to repair the exterior walls, a common element of the condominium, alleged to be the source of flooding in the plaintiffs' unit, compelling the removal of certain liens, and enjoining the board from assessing and collecting common charges from the plaintiffs so long as their unit was wholly or partially unusable.

The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Tatum v Newell Funding, LLC*, 63 AD3d 911 [2009]). Where the movant does not demonstrate a likelihood of success on the merits, irreparable damage, and a balance of the equities in his or her favor, the motion should not be granted (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc.*, 82 AD3d 691 [2011]; *Alexandru v Pappas*, 68 AD3d 690 [2009]; *Apa Sec., Inc. v Apa*, 37 AD3d 502 [2007]; *Rattner & Assoc. v Sears, Roebuck & Co.*, 294 AD2d 346 [2002]). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief" (*Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612, 613 [2008] [internal quotation marks omitted]).

Here, the plaintiffs failed to demonstrate their entitlement to the drastic remedy of a preliminary injunction. Since the source of the alleged flooding is in such sharp dispute, thereby subverting the plaintiffs' likelihood of success on the merits, "it cannot be said that the plaintiff[s] established a clear right" to preliminary injunctive relief (*Milbrandt & Co. v Griffin*, 1 AD3d 327,

328 [2003]). In addition, the plaintiffs failed to demonstrate that they would suffer irreparable damage if the injunction was not granted (*see Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc.*, 82 AD3d 691 [2011]).

The plaintiffs' remaining contentions are without merit or have been rendered academic.

Accordingly, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.