■ 91-54 Gold Road, LLC, et al., Respondents, v Cross-Deegan Realty Corp., Defendant, and Howard Beach Car Wash Corporation, Appellant. [939 NYS2d 555]—

In an action, inter alia, for a permanent injunction enjoining the defendants from interfering with an alleged easement over certain real property, the defendant Howard Beach Car Wash Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered November 23, 2010, as granted that branch of the plaintiffs' motion which was for a preliminary injunction enjoining that defendant from interfering with the alleged easement, and fixed an undertaking pursuant to CPLR 6312 (b) in the sum of only $40,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

To obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]; *Rowland v Dushin*, 82 AD3d 738, 739 [2011]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme

Court (see *Reichman v Reichman*, 88 AD3d 680, 681 [2011]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625). " 'The mere existence of an issue of fact will not itself be grounds for the denial of the motion' " (*Reichman v Reichman*, 88 AD3d at 681, quoting *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625).

Here, the plaintiffs demonstrated a likelihood of success on their cause of action alleging the creation of an easement by prescription (see *Vitiello v Merwin*, 87 AD3d 632, 633 [2011]; *Almeida v Wells*, 74 AD3d 1256, 1259 [2010]). The plaintiffs also demonstrated the prospect of irreparable injury absent a preliminary injunction, and that a balance of the equities tipped in their favor. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for a preliminary injunction enjoining the appellant from interfering with the alleged easement.

CPLR 6312 (b) directs the court to fix an undertaking in an amount that will compensate the defendant for damages incurred by reason of an injunction in the event it is determined that the plaintiff was not entitled to the injunction (see *84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d 702, 703 [2012]; *Ujueta v Euro-Quest Corp.*, 29 AD3d 895, 896 [2006]). The Supreme Court providently exercised its discretion in directing the plaintiffs to post an undertaking in the sum of only $40,000, as this amount was rationally related to the amount of potential damages that the appellant established that it might sustain by virtue of the preliminary injunction if it were later determined that the plaintiff was not entitled to the preliminary injunction (see *84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d at 703; *Ujueta v Euro-Quest Corp.*, 29 AD3d at 896). Dillon, J.P., Florio, Chambers and Lott, JJ., concur.