*1017 The petitioners owned properties that were managed by the appellants. The appellants had managed the properties for more than 10 years, when the petitioners’ managing member discharged the appellants and hired nonparty Ivy Property Management (hereinafter Ivy) as the new management company for the properties. However, the appellants refused to be discharged from their management duties, arguing that the agreement between the parties required them to remain managers of the petitioners’ properties for an additional 30 years. The petitioners commenced this proceeding seeking, inter alia, an accounting, and a transfer of their records, files, and documents to Ivy. The petitioners thereafter sought a preliminary injunction to, among other things, prohibit the appellants from using any of the petitioners’ funds to pay for other properties managed by the appellants and to direct the appellants to send all relevant records and files to Ivy. The Supreme Court granted the requested injunction in part. This appeal ensued.
In order to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence *1018 (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant’s favor (see Brack v Harmony Servs., Inc., 93 AD3d 748, 749 [2012]; 91-54 Gold Rd., LLC v Cross-Deegan Realty Corp., 93 AD3d 649 [2012]). “ ‘The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual’ ” (Perpignan v Persaud, 91 AD3d 622, 622 [2012], quoting Ruiz v Meloney, 26 AD3d 485, 486 [2006]; see 306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2011]). “The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court” (Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691, 692 [2011]). “ ‘The mere existence of an issue of fact will not itself be grounds for the denial of the motion’ ” (Reichman v Reichman, 88 AD3d 680, 681 [2011], quoting Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623, 625 [2011]).
In its order dated July 13, 2011, the Supreme Court granted the petitioners’ motion for a preliminary injunction to the extent that the appellants were preliminarily enjoined from (1) transferring any assets or monies to the petitioners without the written consent of the petitioners’ managing member, and (2) making any payments from the petitioners’ funds to the appellants or their principals, or anyone on the appellants’ behalf. In pertinent part, the Supreme Court also conditioned the preliminary injunction upon the petitioners posting a bond in the amount of $50,000.
Contrary to the appellants’ contention, the petitioners demonstrated a likelihood of ultimate success on their claims. The petitioners also demonstrated the prospect of irreparable injury absent a preliminary injunction, and that a balancing of the equities tipped in their favor (see 91-54 Gold Rd., LLC v CrossDeegan Realty Corp., 93 AD3d at 650). Accordingly, the Supreme Court providently exercised its discretion in granting the petitioners’ motion for a preliminary injunction to the extent that the appellants were preliminarily enjoined from transferring any assets or monies belonging to the petitioners without the written consent of Gladys Lind, the petitioners’ managing member, and from making any payments from the petitioners’ funds to them or their principals, or anyone on their behalf. Furthermore, the Supreme Court providently exercised its discretion in granting the petitioners’ application to clarify the order dated July 13, 2011, to the extent of preliminarily enjoining the appellants from managing the petitioners’ properties, and in directing them to remit to the petitioners all funds in *1019 their possession derived from the subject properties (see Pope v 818 Jeffco Corp., 74 AD3d 1165, 1165 [2010]; Reback v Reback, 73 AD3d 890, 891 [2010]).
Lastly, the Supreme Court did not improvidently exercise its discretion in directing the petitioners to post a bond in the sum of $50,000 (see 84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp., 91 AD3d 702, 703 [2012]). Skelos, J.P., Florio, Roman and Miller, JJ., concur.