In an action for the determination of claims to real property pursuant to RPAPL article 15, the defendants Jamell Givens and Hudson City Bancorp, Inc., doing business as Hudson City Savings Bank appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 23, 2010, which granted the plaintiff’s motion for a preliminary injunction enjoining them from leasing the subject property.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs motion for a preliminary injunction is denied.
*944 To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant’s favor (see 306 Rutledge, LLC v City of New York, 90 AD3d 1026, 1028 [2011]). The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual (see Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc., 101 AD3d 917, 918 [2012]; Dixon v Malouf, 61 AD3d 630 [2009]). A movant must satisfy each requirement with “clear and convincing evidence” (Apa Sec., Inc. v Apa, 37 AD3d 502, 503 [2007]). “The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court” (Arcamone-Makinano v Brit-ton Prop., Inc., 83 AD3d 623, 625 [2011]; see Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691, 692 [2011]; Rowland v Dushin, 82 AD3d 738, 739 [2011]).
Here, the plaintiff failed to demonstrate that it would suffer irreparable injury in the absence of a preliminary injunction prohibiting the appellants from leasing the subject premises. Although the plaintiff alleges that it might be subject to liability in the event that a tenant is injured at the premises and brings suit, it failed to show that this potential harm was imminent and not remote or speculative (see Rowland v Dushin, 82 AD3d at 739; Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716 [2011]; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738, 739 [2010]; Golden v Steam Heat, 216 AD2d 440, 442 [1995]). The plaintiff’s conclusory assertion that leasing the subject premises would render a future judgment in its favor ineffectual was also insufficient to establish that it would suffer an irreparable injury if a preliminary injunction were not granted. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiffs motion for a preliminary injunction. Dillon, J.E, Chambers, Hall and Hinds-Radix, JJ., concur.