■ Anil Mangar et al., Appellants, v Shelly Deosaran, Respondent. [993 NYS2d 182]—

In an action, inter alia, to permanently enjoin the defendant from interfering with an alleged easement over certain real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Hart, J.), dated September 28, 2012, which denied their motion for a preliminary injunction enjoining the defendant from interfering with the alleged easement.

Ordered that the order is affirmed, with costs.

To prevail on a motion for a preliminary injunction, the moving party must establish: (1) the likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the moving party's position (*see Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]; *Rowland v Dushin*, 82 AD3d 738 [2011]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d at 625; *see 91-54 Gold Rd., LLC v Cross-Deegan Realty Corp.*, 93 AD3d 649 [2012]; *Reichman v Reichman*, 88 AD3d 680 [2011]).

Here, the plaintiffs did not meet their burden of demonstrat-

ing irreparable injury in the absence of a preliminary injunction and that a balancing of the equities favors their position (*see Rowland v Dushin*, 82 AD3d at 739; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924, 926 [2010]; *Solow v Liebman*, 175 AD2d 120, 121 [1991]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a preliminary injunction. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.