Matter of Guazzoni de Zanett v Village of Tuxedo Park (2023 NY Slip Op 04495)

Matter of Guazzoni de Zanett v Village of Tuxedo Park

2023 NY Slip Op 04495

Decided on September 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-06463
 (Index No. 4013/23)

[*1]In the Matter of Claudio Guazzoni de Zanett, etc., petitioner-respondent, 
v
Village of Tuxedo Park, et al., appellants, et al., respondent.

In a proceeding, inter alia, pursuant to Election Law article 16 to contest the casting and canvassing of certain absentee ballots tendered in an election held on June 20, 2023, for the public offices of Mayor of the Village of Tuxedo Park and Trustee of the Village of Tuxedo Park, Village of Tuxedo Park, Elizabeth Doherty, Joshua S. Scherer, Paul A. Brooke, and David C. McFadden appeal, by permission, from an order to show cause of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated June 20, 2023. The order to show cause, inter alia, temporarily restrained the Village Clerk of the Village of Tuxedo Park from counting all absentee ballots tendered in the subject election, directed that certain objected to, unopened, and/or uncanvassed ballots be set aside unopened and uncanvassed pending further order of the Supreme Court, and enjoined the Village Clerk of the Village of Tuxedo Park and any person or entity acting on her behalf from certifying the results of the subject election pending further order of the Supreme Court.

DECISION & ORDER
Motion by the petitioner to dismiss the appeal on the ground that it has been rendered academic and to impose sanctions upon the appellants' counsel.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is granted to the extent that the appeal from so much of the order to show cause as temporarily restrained the Village Clerk of the Village of Tuxedo Park from counting all absentee ballots tendered in the subject election and directed that certain objected to, unopened, and/or uncanvassed ballots be set aside unopened and uncanvassed pending further order of the Supreme Court is dismissed, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the branch of the motion which is to impose sanctions upon the appellants' counsel is denied; and it is further,
ORDERED that the order to show cause is modified, on the law, by deleting the provision thereof enjoining the Village Clerk of the Village of Tuxedo Park and any person or entity acting on her behalf from certifying the results of the subject election pending further order of the Supreme Court; as so modified, the order to show cause is affirmed insofar as reviewed, without costs or disbursements.
The Village of Tuxedo Park held an election for the public offices of Mayor of the [*2]Village and Trustee of the Village on June 20, 2023. On the same day, the petitioner, a registered voter and resident of the Village, commenced the instant proceeding, by order to show cause, inter alia, pursuant to Election Law article 16 to contest the casting and canvassing of certain absentee ballots tendered in the election against the Village; Elizabeth Doherty, the Village Clerk; mayoral candidates David C. McFadden and Marc D. Citrin; and trustee candidates Joshua S. Scherer and Paul A. Brooke. The order to show cause sought, among other things, a temporary restraining order restraining the Village Clerk from counting all absentee ballots tendered in the election, directing that certain objected to, unopened, and/or uncanvassed ballots be set aside unopened and uncanvassed pending further order of the Supreme Court, and enjoining the Village Clerk and any person or entity acting on her behalf from certifying the results of the election pending further order of the Supreme Court. The Supreme Court signed the order to show cause, which included the requested temporary restraining order.
The Village, Doherty, Scherer, and Brooke moved in this Court for leave to appeal from the order to show cause and, in effect, to stay enforcement of the temporary restraining order pending hearing and determination of the appeal. McFadden joined in the motion. In a decision and order on motion dated August 9, 2023, this Court granted that branch of the motion which was for leave to appeal from the order to show cause and granted that branch of the motion which was, in effect, to stay enforcement of the temporary restraining order to the extent that so much of the temporary restraining order as temporarily restrained the Village Clerk from counting all absentee ballots tendered in the election, directed that certain objected to, unopened, and/or uncanvassed ballots be set aside unopened and uncanvassed pending further order of the Supreme Court, and enjoined the Village Clerk and any person or entity acting on her behalf from certifying the results of the election pending further order of the Supreme Court, was stayed, pending hearing and determination of the appeal.
On August 10, 2023, the Village completed the canvass of the votes, and on August 15, 2023, at the request of McFadden, the Orange County Board of Elections conducted a recanvass. The Village Clerk has not yet certified the results of the recanvass due to a temporary restraining order granted in a separate action.
The appeal from so much of the order to show cause as temporarily restrained the Village Clerk from counting all absentee ballots tendered in the election and directed that certain objected to, unopened, and/or uncanvassed ballots be set aside unopened and uncanvassed pending further order of the Supreme Court must be dismissed as academic, because the Village has completed the canvass and recanvass of the ballots (see Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc., 211 AD3d 786, 789). However, because the Village Clerk has not yet certified the results of the election, the appeal from so much of the order to show cause as enjoined the Village Clerk and any person or entity acting on her behalf from certifying the election results pending further order of the Supreme Court is not academic.
The petitioner did not meet his burden of demonstrating that he would suffer irreparable or nonspeculative harm if a temporary restraining order enjoining the Village Clerk from certifying the election results pending further order of the Supreme Court was not granted (see CPLR 6301, 6313; Rowland v Dushin, 82 AD3d 738, 739). Accordingly, the Supreme Court improvidently exercised its discretion in enjoining the Village Clerk from certifying the results of the election pending further order of the Supreme Court.
Contrary to the appellants' contention, however, the Supreme Court did not err in signing the order to show cause, which is simply "a device for bringing on a special proceeding" (Matter of Allison v New York State Dept. of Correctional Servs., 73 AD2d 824, 824). "The merits of the petition are not reached in granting or denying the order" (id.).
The parties' remaining contentions, including those regarding the merits of the petition, are not properly before this Court.
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court