■ ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, Respondent-Appellant, v BIO-TECH MILLS, INC., Appellant-Respondent. — Cross appeals from an order and judgment of the Supreme Court at Special Term (Cerrito, J.), entered January 27, 1983 in Albany County, which granted an injunction to plaintiff and assessed penalties of $10,000 against defendant. Defendant has operated a small paper mill on the Batten Kill in Washington County since 1973. It was granted a permit in February, 1977 by the Department of Environmental Conservation (DEC) to discharge certain amounts of effluents into the river within limitations set forth in its State Pollutant Discharge Elimination System (SPDES) permit. This permit required defendant to bring its discharges within compliance by July, 1977. Upon defendant's failure to comply with the permit schedule by that date DEC issued an order for it do so. Defendant failed to comply and an action was brought. Both parties stipulated on October 27, 1980 to an order and judgment which set forth specific acts to be done by certain dates, including the installation of a wastewater treatment facility. Subsequently, plaintiff moved for an injunction on the basis that defendant had violated the stipulated order. The court directed compliance by March 27, 1981. Violations continued to occur regularly although the discharge levels showed some improvement. On October 15, 1982, Special Term granted plaintiff's motion

for an injunction, denied defendant's oral dismissal motion and directed a hearing on factors which would determine the amount of the penalties to be assessed. On January 25, 1983, after the hearing was concluded, the court assessed a penalty of $2,500 per day for each of four days defendant was found to be in violation. Defendant appeals from the final judgment as well as from the earlier order; plaintiff cross-appeals contending that the penalties assessed are inadequate. There should be an affirmance. Special Term properly granted the requested injunction. The evidence in the hearing record indicates that defendant has been discharging untreated effluent into the river since before July, 1977. Its new permit application lists toxics being discharged; its monthly monitoring reports list regular permit violations. The equipment it has installed to abate pollution has not worked properly and its plans for future improvements have not been submitted in an approvable form. Defendant's reliance on *Boomer v Atlantic Cement Co.* (26 NY2d 219) is misplaced. That case involved private litigation between individual property owners while the instant matter involves violation of both a statute (ECL, art 17) and a court order. Nothing in the *Boomer* decision requires denial of an injunction here. Defendant's argument that Special Term committed reversible errors is without merit. Contrary to defendant's contention, there was no need for Special Term to take judicial notice of DEC's reclassification of the Batten Kill, as those standards are based on the water's potential rather than its present use (ECL 17-0301; 6 NYCRR part 701). Defendant's contention that its discharges are allowable because it is operating under its pending permit is clearly meritless. Nothing in the statute or regulations allows an applicant for a permit renewal to operate under that pending application (see ECL 17-0703; 6 NYCRR 755.2). Moreover, the State Administrative Procedure Act provides that the existing permit conditions should continue until final determination of the pending renewal (State Administrative Procedure Act, § 401, subd 2). We have examined defendant's other arguments assigning error and find them unpersuasive. Finally, we find no reason to disturb the monetary penalties assessed by Special Term in view of the grant of injunctive relief (see *Matter of DVC Inds. v Flacke,* 86 AD2d 892). Order and judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.