OPINION OF THE COURT
Anthony V. Cardona, J.
This is an application by petitioner, Bio-Tech Mills, Inc., for an award of counsel fees and other expenses pursuant to CPLR article 86, known as the New York State Equal Access to Justice Act (EAJA). In December 1990, petitioner commenced a CPLR article 78 proceeding pursuant to CPLR 7803 (1) seeking an order in the nature of mandamus directing respondent, the Commissioner of the New York State Depart *620 ment of Environmental Conservation, to process petitioner’s reapplication in December 1984, for a State Pollutant Discharge Elimination System (SPDES) permit. By a decision dated July 2, 1991, this court granted the petition and awarded judgment to petitioner directing respondent to process petitioner’s application and make a final determination within a reasonable time. The denial of attorneys’ fees in that decision was premised upon the implicit finding that respondent had not engaged in frivolous conduct as defined in 22 NYCRR part 130 and not as respondent contends, under CPLR article 86. Thus collateral estoppel is no bar to the present application.
It was the intent of article 86 to create a mechanism similar to the provisions of the Federal statute (28 USC §2412 [d]) and the "case law that has evolved thereunder”, to permit recovery of counsel fees and other reasonable expenses in certain actions against the State of New York (CPLR 8600).
"[A] court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust.” (CPLR 8601 [a].)
For purposes of an application under article 86, "substantially justified” means " 'justified in substance or in the main’ —that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact’ formulation”. (Pierce v Underwood, 487 US 552, 565.)
Although this court disagreed with respondent’s interpretation of Justice Cerrito’s 1983 injunction, i.e., that it prohibited the processing of petitioner’s reapplication, that does not mean that respondent’s position was not substantially justified. Noting that petitioner’s violations of its 1977 State Pollutant Discharge Elimination System permit continued to occur regularly, the Appellate Division upheld Justice Cerrito’s permanent injunction. (Flacke v Bio-Tech Mills, 95 AD2d 916, lv denied 60 NY2d 553 [1983].) Additionally, a later DEC determination denying petitioner’s application to renew its 1977 SPDES permit was also affirmed on appeal (Matter of Bio-Tech Mills v Williams, 105 AD2d 301, affd 65 NY2d 855 [1985]). Based upon the litigation history of this matter, the court finds that there was a reasonable basis in law and fact *621 for respondent’s belief that petitioner was permanently prohibited from discharging into the Batten Kill and that further processing of petitioner’s 1984 application would be futile. Thus, respondent’s position was substantially justified even though it was not correct (see, Pierce v Underwood, supra, at 566, n 2).
Petitioner’s application for counsel fees and other expenses pursuant to CPLR article 86 is denied.