■ TOWN BOARD OF THE TOWN OF SOUTHAMPTON, Respondent, v 1320 ENTERTAINMENT, INC., et al., Appellants. [653 NYS2d 364] —In an action, *inter alia*, for a permanent injunction, the defendants appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated October 5, 1995, which granted the plaintiff's motion for a preliminary injunction enjoining the defendants from violating Southampton Town Code §§ 235-2 (noise pollution) and 267-6 (racing).

Ordered that the order is modified, on the law, by deleting the provisions thereof which preliminarily enjoined the defendants from violating the Southampton Town Code § 235-2; as so modified, the order is affirmed, without costs or disbursements.

The defendants own and operate the Long Island Dragway, an automobile racetrack in the Village of Westhampton. Although the racetrack is situated in a residential zone, it enjoys the status of a valid, non-conforming, pre-existing use since it was in operation prior to the enactment of the Zoning Ordinance of the Town of Southampton. Nevertheless, by the instant action the Town seeks to enjoin the defendants from violating provisions of the Code of the Town of Southampton

which restrict the days and hours during which racing activities may be conducted and which limit the levels of noise that may be emitted from the property.

Contrary to the defendants' contentions, the mere fact that the racetrack constitutes a pre-existing non-conforming use under the zoning ordinance does not preclude the Town from seeking to enforce other provisions within the code to the extent that they constitute legitimate exercises of its police powers to protect the public health, safety, and welfare (*see, Goldblatt v Town of Hempstead*, 369 US 590). Insofar as Southampton Town Code § 267-6 imposes reasonable limitations upon the days and hours during which races may be conducted, it is a proper exercise of the Town's police powers (*see, Matter of Borer v Vineberg*, 213 AD2d 828, 830, n 3; *Schacht v City of New York*, 30 Misc 2d 77, 78, *mod on other grounds* 14 AD2d 526). Upon the instant record we find that the court properly weighed the relevant factors in determining to preliminarily enjoin violation of this ordinance (*see*, CPLR 6301; *Flacke v Bio-Tech Mills*, 95 AD2d 916). Moreover, the Town was not required to post an undertaking (*see*, CPLR 6312 [b]; 2512).

However, insofar as a preliminary injunction prohibiting violation of the noise ordinance would apparently effectively force the defendants to cease all racing at their track, the effect of an injunction concerning the noise ordinance presents different equities to be balanced vis-à-vis the complaints of several neighbors whose motivations should be subject to greater scrutiny. In view of the factual issues presented by this branch of the motion which are better determined at trial, we find that the Town has not established its entitlement to preliminary injunctive relief with respect thereto (*see, Town of Southampton v Sendlewski*, 156 AD2d 669; *Matter of Incorporated Vil. of Lindenhurst v Retsel Enters.*, 140 AD2d 521; *Goodfriend v Pekofsky*, 110 AD2d 814; *Little India Stores v Singh*, 101 AD2d 727; *Town of Southeast v Gonnella*, 26 AD2d 550). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.