■ Town of Putnam Valley et al., Respondents, v Thomas Cabot et al., Defendants, and Alexander Kaspar, Appellant. [856 NYS2d 166]—

In an action, inter alia, to permanently enjoin the defendants from conducting logging activity on real property owned by the defendants, the defendant Alexander Kaspar appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 5, 2007, as granted that branch of the motion of the plaintiff Town of Putnam Valley which was to preliminarily enjoin him from conducting certain commercial and industrial activities on the subject property, and failed to require the plaintiffs John Spina and Howard Olsen to give an undertaking.

Ordered that the order is modified, on the law, by adding a provision thereto that the plaintiff Town of Putnam Valley shall be liable for any damages sustained by the defendant Alexander Kaspar if it is finally determined that it was not entitled to an injunction in accordance with CPLR 2512 (1); as so modified, the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Putnam County, to fix the maximum amount of the Town's liability for damages.

The Supreme Court properly granted that branch of the motion of the plaintiff Town of Putnam Valley which was to preliminarily enjoin the defendant Alexander Kaspar from conducting certain commercial and industrial activities on the subject property (*see Town of Dover Town Bd. v Cascino*, 41 AD3d 834 [2007]; *First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account*, 15 AD3d 529, 533 [2005]).

Contrary to Kaspar's contention, the Supreme Court did not err in declining to require the private plaintiffs John Spina and Howard Olsen to post an undertaking, as those plaintiffs did

not join the Town's motion for the preliminary injunction (see CPLR 6312 [b]). Kaspar correctly concedes that the Town is exempt from giving an undertaking pursuant to CPLR 2512 (1) (see City of Yonkers v Federal Sugar Ref. Co., 221 NY 206, 210 [1917]; Town Bd. of Town of Southampton v 1320 Entertainment, 236 AD2d 387, 388 [1997]). However, in granting the preliminary injunction, the Supreme Court was required to fix the limit of the Town's liability for damages if it is ultimately determined that the Town was not entitled to an injunction (see CPLR 2512 [1]; 6312 [b]; cf. Bonded Concrete, Inc. v Town of Saugerties, 42 AD3d 852, 856-857 [2007]). Accordingly, the matter must be remitted to the Supreme Court, Putnam County, to fix that maximum amount. Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.