■ DANIEL CERNIGLIA, Respondent, v CHURCH OF THE HOLY NAME OF MARY et al., Appellants, et al., Defendants. [901 NYS2d 286]—

In an action pursuant to RPAPL article 15 to determine claims to real property and to extinguish an easement across the plaintiff's real property, and for a judgment declaring, inter alia, that the easement is void, the defendants Church of the Holy Name of Mary and Roman Catholic Archdiocese of New York appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Orange County (Giacomo, J.), dated October 14, 2008, as denied those branches of their cross motion which

were pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action and, with respect to the fourth cause of action, in effect, for summary judgment declaring that the easement is valid, and granted the plaintiff's motion for a preliminary injunction enjoining them from constructing a driveway across the easement pending the disposition of the action, and (2) from an order of the same court dated February 18, 2009, which denied their motion for leave to renew.

Ordered that the appeal from the order dated February 18, 2009, is dismissed as abandoned; and it is further,

Ordered that the order dated October 14, 2008, is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion of the defendants Church of the Holy Name of Mary and Roman Catholic Archdiocese of New York which were pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action and, with respect to the fourth cause of action, in effect, for summary judgment declaring that the easement is valid, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that, at the time the easement was created, the predecessors-in-interest of the defendants Church of the Holy Name of Mary and Roman Catholic Archdiocese of New York to the parcel of real property benefitted by the easement had title to the real property benefitted by easement, and had the right to encumber the plaintiff's parcel of real property with an easement benefitting the real property now owned by the defendants Church of the Holy Name of Mary and Roman Catholic Archdiocese of New York.

In 1918 Hannah W. Senior conveyed certain real property located in Orange County (hereinafter the parent parcel) to Dayton Clark MacMurtrie. Dayton Clark MacMurtrie died in 1958, leaving the parent parcel to his children, Dayton C. MacMurtrie and Doris M. Beatty (hereinafter together the MacMurtrie children). Acting in their capacities as executors of their father's estate, the MacMurtrie children conveyed the parent parcel to themselves. In August 1965 Dayton C. MacMurtrie and Doris M. Beatty conveyed a portion of the parent parcel (hereinafter the burdened parcel) pursuant to a deed (hereinafter the August 1965 Deed), while retaining for themselves ownership of the remainder of the parent parcel (hereinafter the benefitted parcel). The August 1965 Deed recited that the MacMurtrie children, as grantors, were "[e]xcepting and

[r]eserving" to themselves, their heirs, and their assigns, forever, an easement encumbering the burdened parcel, consisting of a right-of-way over a strip of land 50 feet wide over the burdened parcel, running "in a southerly direction from the southerly side of Senior Street over a proposed extension of Railroad Avenue, thence easterly running to a 2.486 acre reserved parcel."

Thereafter, it was discovered that the benefitted parcel had been omitted from the description of the parent parcel in the 1918 deed from Hannah W. Senior to Dayton Clark MacMurtrie that effected the conveyance of the parent parcel. The MacMurtrie children obtained a quitclaim deed for the benefitted parcel from the heirs at law, distributees, and successors-in-interest of Senior's predecessor-in-interest to the parent parcel. This quitclaim deed, dated December 1965 (hereinafter the December 1965 deed), recited that the benefitted parcel was "intended to have been included in a deed of other premises made by Hannah W. Senior to Dayton C. MacMurtrie . . . dated February 2, 1918 . . . but through inadvertence omitted therefrom," and that the quitclaim deed was given "for the purpose of correcting said deed." Although the December 1965 Deed was ultimately recorded in 1974, only 12 of the 13 heirs at law, distributees, and successors in interest of Senior's predecessor in interest signed it.

In 1974 the MacMurtrie children commenced an action pursuant to RPAPL article 15 to determine the claims to the benefitted parcel. In 1975 the Supreme Court found that the benefitted parcel inadvertently had been omitted from the 1918 deed conveying the parent parcel from Hannah W. Senior to Dayton Clark MacMurtrie. The Supreme Court also found that the MacMurtrie children had paid the taxes on the benefitted parcel for a number of years, that Dayton Clark MacMurtrie had been in peaceable possession of the benefitted parcel from 1918 to 1958, and that the MacMurtrie children had been in peaceable possession, as their father's successors in interest, from 1958 through the date of its determination in 1975. The Supreme Court concluded that the MacMurtrie family had been in possession of the benefitted parcel in an open and notorious manner adverse to any other claim or interest since 1918. In a judgment entered February 3, 1975, the Supreme Court declared that the MacMurtrie children were the owners in fee simple of the benefitted parcel.

In 1978 the MacMurtrie children conveyed the benefitted parcel to the defendant Church of the Holy Name of Mary. The deed effecting the conveyance included a description of the

reserved easement over the burdened parcel, that is, the parcel conveyed by the August 1965 Deed. Eventually, the plaintiff acquired the burdened parcel. In addition to the benefitted parcel, the defendant Church of the Holy Name of Mary owns, together with the defendant Roman Catholic Archdiocese of New York (hereinafter together the defendants) a separate parcel of real property, which is used as a cemetery (hereinafter the cemetery parcel). The benefitted parcel lies to the southeast of the burdened parcel, and is separated from the burdened parcel by three other parcels of real property. The benefitted parcel adjoins the cemetery parcel.

The defendants notified the plaintiff of their intent to construct a driveway across the right-of-way situated on the burdened parcel. The plaintiff commenced this action pursuant to RPAPL article 15, inter alia, to determine claims to real property and to extinguish the easement across the burdened parcel. The plaintiff moved for a preliminary injunction prohibiting the defendants from commencing construction on the driveway or otherwise entering upon the burdened parcel under a claim of right. The plaintiff alleged, and the defendants did not deny, that the defendants intended to use the right-of-way to gain access to the cemetery parcel by traveling over the right-of-way across the burdened parcel to the benefitted parcel, which adjoins the cemetery parcel. The plaintiff asserted three alternative theories: that the easement was void under the "stranger to the deed" rule; that the defendants intended to expand the easement to benefit a parcel not made appurtenant to it when the easement was reserved; and that the defendants had abandoned the easement. The defendants cross-moved pursuant to CPLR 3211 (a) (1) to dismiss the first, second, third, fifth, and sixth causes of action based on a defense founded on documentary evidence, and, with respect to the fourth cause of action, in effect, for summary judgment declaring that the easement is valid. The Supreme Court denied the defendants' cross motion and granted the plaintiff's motion for a preliminary injunction. The Supreme Court also denied the defendants' subsequent motion for leave to renew.

Under the unique facts presented here, the "stranger to the deed" rule does not apply, as the defendants' predecessors in interest, Dayton Clark MacMurtrie and the MacMurtrie children, would have accepted a conveyance of the benefitted parcel in 1918 but for an omission in the 1918 deed, the MacMurtrie family paid the taxes on the benefitted parcel for a number of years, that family had been in peaceable possession of the benefitted parcel since 1918 until conveying it to the defend-

ants, and the family had been in possession of the benefitted parcel in an open and notorious manner adverse to any other claim or interest from 1918 until the conveyance (*cf. Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Sachar v East 53 Realty, LLC*, 63 AD3d 715 [2009]). Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was to dismiss the first cause of action, and, with respect to the fourth cause of action, in effect, for summary judgment declaring that the easement is valid.

Contrary to the defendants' contentions, however, the Supreme Court providently exercised its discretion in granting the plaintiff a preliminary injunction to maintain the status quo pending determination of the instant matter, including, inter alia, the second, third, and fifth causes of actions, which were not dismissed (*see Spier v Horowitz*, 16 AD3d 400 [2005]; *Chapman v Vondorpp*, 256 AD2d 297, 298 [1998]; *Zeh v Karker*, 43 AD2d 881 [1974]; *see generally* CPLR 6301, 6312; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Coinmach Corp. v Alley Pond Owners Corp.*, 25 AD3d 642, 643 [2006]), and are not the subject of this appeal.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for further proceedings on the remaining causes of action, and the entry thereafter of a judgment, inter alia, declaring that, at the time that the easement was created, the defendants' predecessors in interest to the benefitted parcel had title to that parcel and the right to encumber the burdened parcel with an easement benefitting the benefitted parcel (*see Lanza v Wagner*, 11 NY2d 317, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The appeal from the order dated February 18, 2009, must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), since the defendants do not seek reversal or modification of any portion of that order in their brief. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.