HUNTER SPORTS SHOOTING GROUNDS, INC., Appellant-Respondent, v BRIAN X. FOLEY et al., Respondents-Appellants, and COUNTY OF SUFFOLK, Appellant-Respondent. [992 NYS2d 285]—

In an action, inter alia, for a judgment declaring that the actions of the Town Board of the Town of Brookhaven in enforcing a Town of Brookhaven noise ordinance against the plaintiff are unconstitutional, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 21, 2012, as denied its cross motion for summary judgment on the first, second, third, and sixth causes of action, the defendant County of Suffolk separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment in favor of the plaintiff on the first, fifth, and sixth causes of action, and the defendants Brian X. Foley, Steve Fiore-Rosenfeld, Kevin T. McCarrick, Kathleen Walsh, Connie Kepert, Carol Bissonette, and Timothy P. Mazzei, constituting the Town Board

of the Town Brookhaven, cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing so much of the complaint as alleged that the noise ordinance was unlawfully and improperly applied to the plaintiff.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

According to the complaint, since 1963, various licensees have operated a trap and skeet shooting range on certain real property located within the Town of Brookhaven and owned by the County of Suffolk. In 1987, the Town enacted a noise ordinance which, inter alia, authorized the imposition of fines upon entities that emit sound in excess of 65 decibels. In 2006, the plaintiff began operating the trap and skeet shooting range. In November and December 2006, the Town commenced a series of proceedings in the Sixth District Court, Suffolk County, alleging that the plaintiff was in violation of the Town's noise ordinance.

The plaintiff commenced this action in the Supreme Court, Suffolk County, against the members of the Town Board of the Town of Brookhaven (hereinafter the Town), inter alia, for a judgment declaring that the Town's actions in enforcing the noise ordinance against it were unconstitutional, and that the noise ordinance was unlawfully and improperly applied to the plaintiff. In a prior order, the Supreme Court directed that the County be joined as a necessary party. The plaintiff subsequently filed an amended complaint that named the County as an additional defendant, but did not assert any causes of action against the County.

The Supreme Court properly denied the Town's motion for summary judgment dismissing so much of the complaint as alleged that the noise ordinance was unlawfully and improperly applied to the plaintiff. In a prior order dated October 6, 2011, the Supreme Court denied that branch of the Town's prior motion which was for summary judgment dismissing so much of the complaint as alleged that the noise ordinance was unlawfully and improperly applied to the plaintiff "without prejudice to timely renewal, upon submission of proper papers." In the prior order, the Supreme Court explained that the Town failed to present evidence in admissible form establishing the level of sound emitted by the plaintiff's operation, as the affidavit of its expert, Eric Zwerling, which was made and notarized in the State of New Jersey, lacked the required certificate of conformity (*see* CPLR 2309 [c]; *PRA III, LLC v Gonzalez*, 54 AD3d 917, 918 [2008]), and a report of the Noise Consultancy, LLC, was without probative value because it was unsworn and uncertified

(*see Duke v Saurelis*, 41 AD3d 770, 771 [2007]). Instead of correcting the defects in its supporting papers and moving to renew its prior motion, the Town made a second motion for summary judgment, and submitted the same documents it had submitted in support of its original motion, without rectifying the defects identified by the Supreme Court. Nor did the Town submit any other evidence establishing the level of sound emitted by the plaintiff's operation. Although the Town's failure to submit the relevant certificate of conformity was not a fatal defect that would warrant the outright denial of its motion for summary judgment, here, the Supreme Court properly afforded the Town an opportunity to correct the defect, and yet the Town failed to do so (*cf. Midfirst Bank v Agho*, 121 AD3d 343 [2014]; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45 [2014]). Accordingly, the Supreme Court properly denied the Town's second motion on the ground that it was an improper successive motion for summary judgment (*see Tingling v C.I.N.H.R., Inc.*, 120 AD3d 570 [2014]).

The Supreme Court also properly denied the plaintiff's cross motion for summary judgment on its first, second, third, and sixth causes of action. The plaintiff failed to meet its prima facie burden of establishing that its operation of the trap and skeet shooting range should be exempt from the enforcement of the Town's noise ordinance based upon the property's use as a trap and skeet shooting range for the past 50 years, as alleged in the first cause of action (*see Matter of Taylor Tree v Planning Bd. of Town of Montgomery*, 272 AD2d 336, 336-337 [2000]; *Town Bd. of Town of Southampton v 1320 Entertainment*, 236 AD2d 387, 388 [1997]), or upon grounds of preemption or a violation of the Municipal Home Rule Law, as alleged in the sixth cause of action (*see* Municipal Home Rule Law § 10 [1] [ii] [a] [6]; *People v New York Trap Rock Corp.*, 57 NY2d 371, 377 [1982]). In addition, the plaintiff failed to meet its prima facie burden of establishing that the enforcement of the Town's noise ordinance against it results in an unlawful confiscation, as alleged in the second cause of action (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 501 [1983]; *Fred F. French Inv. Co. v City of New York*, 39 NY2d 587, 596 [1976]), or an unlawful taking, as alleged in the third cause of action (*see Eastern Enterprises v Apfel*, 524 US 498, 523-524 [1998]; *Penn Central Transp. Co. v New York City*, 438 US 104, 124 [1978]).

Finally, the Supreme Court also properly denied the County's cross motion for summary judgment in favor of the plaintiff on

the first, fifth, and sixth causes of action. For the same reasons discussed above, the County failed to satisfy its prima facie burden with respect to the first and sixth causes of action, which alleged a prior, existing nonconforming use, preemption, and violation of the Municipal Home Rule Law. The County further failed to establish its prima facie entitlement to judgment as a matter of law on the fifth cause of action, as it failed to demonstrate that a balancing of public interests weighs in favor of exempting the County from enforcement of the Town's noise ordinance (*see Matter of County of Monroe [City of Rochester]*, 72 NY2d 338, 343 [1988]). Mastro, J.P., Chambers, Lott and Roman, JJ., concur.