■ BALDWIN UNION FREE SCHOOL DISTRICT et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [992 NYS2d 110]—

In an action for a judgment declaring, inter alia, that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an unauthorized exercise of the defendants' lawmaking authority and is unconstitutional under the New York and United States Constitutions, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 23, 2011, which granted the plaintiffs' motion to preliminarily enjoin them from enforcing Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, and (2) an order of the same court entered July 2, 2012, which denied their motion, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions.

Ordered that the order entered October 23, 2011 is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered July 2, 2012 is modified, on the law, by deleting the provision thereof denying the defendants' motion, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions, and substituting therefor a provision denying that motion without prejudice to renewal upon the completion of discovery; as so modified, the order entered July 2, 2012, is affirmed, without costs or disbursements.

These appeals stem from challenges to the validity and constitutionality of Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010 (hereinafter together the ordinance). The plaintiffs commenced a hybrid CPLR article 78 proceeding and action on or about February 28, 2011. They alleged, inter alia, that the ordinance violates the Equal Protection and Due Process Clauses of the New York and United States Constitutions, certain provisions of the General Municipal Law, and certain provisions of the Nassau County Charter, and that the adoption of the subject ordinance is precluded by the doctrine of preemption. Subsequently, the Supreme Court converted the hybrid proceeding and action to a declaratory judgment action pursuant to CPLR 103 (c).

The plaintiffs sought injunctive relief. On or about June 23,

2011, the Supreme Court granted a temporary restraining order staying the effective date of the ordinance and enjoining the defendants from taking any steps to enforce it. Thereafter, in the order appealed from entered October 23, 2011, the court granted the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance.

Subsequently, the defendants moved for summary judgment, in effect, declaring that the ordinance is an authorized exercise of the defendants' lawmaking authority and is constitutional under the New York and United States Constitutions. In the order appealed from entered July 2, 2012, the Supreme Court denied the defendants' motion.

For the reasons set forth in our decision and order in the related appeals in the action entitled *Board of Educ. of E. Meadow Union Free Sch. Dist. v County of Nassau* (120 AD3d 1170 [2014] [decided herewith]), we conclude that the Supreme Court providently exercised its discretion in granting the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance, and properly denied the defendants' motion, in effect, for summary judgment declaring that the ordinance is an authorized exercise of the defendants' lawmaking authority and is constitutional under the New York and United States Constitutions. However, the court should have denied the defendants' motion without prejudice to renewal upon the completion of discovery. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur. 