■ BOARD OF EDUCATION OF EAST MEADOW UNION FREE SCHOOL DISTRICT et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [992 NYS2d 535]—

In an action for a judgment declaring, inter alia, that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an unauthorized exercise of the defendants' lawmaking authority and is unconstitutional under the New York and United States Constitutions, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 26, 2011, which granted the plaintiffs' motion to preliminarily enjoin them from enforcing Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, and (2) an order of the same court dated June 27, 2012, which denied their motion, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions.

Ordered that the order entered October 26, 2011 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 27, 2012 is modified, on the law, by deleting the provision thereof denying the defendants' motion, in effect, for summary judgment declaring that

Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of the defendants' lawmaking authority and is constitutional under the New York and United States Constitutions, and substituting therefor a provision denying that motion without prejudice to renewal upon the completion of discovery; as so modified, the order dated June 27, 2012, is affirmed, without costs or disbursement.

Nassau County Charter § 1231 authorizes the County Legislature to "charge and collect rents, rates, fees or other charges . . . for direct or indirect connection with, or the use or services of, the [County sewer district's] sewer facilities." Nassau County Charter § 1231 provides that such service charges shall, as near as the County Legislature shall deem "practicable and equitable," be "uniform throughout" the County sewer district. It further provides that such charges may be based, inter alia, "on the consumption of water or in connection with the real property, making due allowances for commercial use of water" (*id.*).

Although Nassau County Charter § 1231 authorizes the County to charge and collect rents or fees for the use of the sewer system, the County has not heretofore exercised that power. Instead the County has funded its sewer system with an ad valorem tax upon all taxable real property pursuant to Nassau County Charter §§ 1222 and 1228. However, the ordinance challenged in this case seeks to impose such service charges upon certain users of the sewer system.

Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010 (hereinafter together the ordinance), was enacted November 3, 2010, to become effective on July 1, 2011. The ordinance establishes and imposes "service charges" upon certain users of the sewer system at a rate "not to exceed $0.01 per gallon of water entering the County's sewer system," based on the users' reported water consumption for 2009. The users subject to these sewer service charges fall into two distinct groups, as designated by the ordinance: "Exempt Users" and "High Water Users." There is no dispute that each of the plaintiffs are "Exempt Users" as defined by the ordinance, and therefore they are subject to the sewer service charges.

The plaintiffs commenced a hybrid CPLR article 78 proceeding and declaratory judgment action, alleging, inter alia, that the ordinance violates the Equal Protection and Due Process Clauses of the New York and United States Constitutions, General Municipal Law §§ 451 and 452, and Nassau County Charter § 1231, and that the adoption of the subject ordinance was

precluded by the doctrine of preemption. Subsequently, they moved for injunctive relief. On or about June 23, 2011, the Supreme Court issued a temporary restraining order staying the effective date of the ordinance and enjoining the defendants from taking any steps to enforce it. By order dated September 30, 2011, the court converted the hybrid proceeding and action to, inter alia, a declaratory judgment action pursuant to CPLR 103 (c).

Thereafter, in the order appealed from entered October 26, 2011, the Supreme Court granted the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance. Subsequently, the defendants moved, in effect, for summary judgment declaring that the ordinance is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions. In the order appealed from dated June 27, 2012, the court denied that motion.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance in order to maintain the status quo pending determination of the instant matter (*see* CPLR 6301; 6312; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Cerniglia v Church of the Holy Name of Mary*, 72 AD3d 862, 866 [2010]; *Masjid Usman, Inc. v Beech 140, LLC*, 68 AD3d 942 [2009]).

Further, contrary to the defendants' contention, the Supreme Court did not err in denying their motion, in effect, for summary judgment declaring that the ordinance is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions. Under the circumstances of this case, including the fact that substantial discovery is outstanding, the defendants' motion for summary judgment was premature (*see* CPLR 3212 [f]; *Lettieri v Cushing*, 80 AD3d 574, 576 [2011]; *Hall Enters., Inc. v Liberty Mgt. & Constr., Ltd.*, 37 AD3d 658, 659 [2007]). Accordingly, the motion should have been denied without prejudice to renewal upon the completion of discovery (*see Cardone v Poidamani*, 73 AD3d 828 [2010]; *Hall Enters., Inc. v Liberty Mgt. & Constr., Ltd.*, 37 AD3d at 659). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.