■ HOFSTRA UNIVERSITY, Respondent, v NASSAU COUNTY et al., Appellants. (Action No. 1.) ST. FRANCIS HOSPITAL et al., Respondents, v NASSAU COUNTY et al., Appellants. (Action No. 2.) [993 NYS2d 41]—

In two related actions, inter alia, for a judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an unauthorized exercise of the defendants' lawmaking authority and is unconstitutional under the New York and United States Constitutions, which were joined for trial, the defendants in both actions appeal from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 23, 2011, which granted the plaintiffs' motion to preliminarily enjoin them from enforcing Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, (2) an order of the same court entered June 28, 2012, which denied their motion in action No. 1, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions, and (3) an order of the same court, also entered June 28, 2012, which denied their motion in action No. 2, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of their lawmaking authority and is constitutional under the New York and United States Constitutions.

Ordered that the order entered October 23, 2011 is affirmed, without costs or disbursements; and it is further,

Ordered that the orders entered June 28, 2012 are modified, on the law, by deleting the respective provisions thereof denying the defendants' motions in action Nos. 1 and 2, in effect, for summary judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an authorized exercise of the defendants' lawmaking authority and is constitutional under the New York and United States Constitutions, and substituting therefor respective provisions denying each motion without prejudice to renewal upon the completion of discovery; as so modified, the orders entered June 28, 2012, are affirmed, without costs or disbursements.

These appeals stem from actions challenging the validity and constitutionality of Nassau County Ordinance No. 184-2010, as

amended by Nassau County Ordinance No. 199-2010 (hereinafter together the ordinance). The plaintiffs commenced CPLR article 78 proceedings, asserting, inter alia, that the ordinance violates certain provisions of the General Municipal Law and Nassau County Charter § 1231, and is "constitutionally infirm." Subsequently, the Supreme Court converted the CPLR article 78 proceedings to actions for a declaratory judgment pursuant to CPLR 103 (c), and joined the actions for trial.

The plaintiffs sought injunctive relief. On or about June 23, 2011, the Supreme Court issued a temporary restraining order staying the effective date of the ordinance and enjoining the defendants from taking any steps to enforce it. Thereafter, in the order appealed from entered October 23, 2011, the court granted the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance.

Subsequently, the defendants moved separately in each action, in effect, for summary judgment declaring that the ordinance is an authorized exercise of the defendants' lawmaking authority and constitutional under the New York and United States Constitutions. In the orders entered June 28, 2012, the Supreme Court denied the defendants' respective motions.

For the reasons set forth in our decision and order in the related appeals in the action entitled *Board of Educ. of E. Meadow Union Free Sch. Dist. v County of Nassau* (120 AD3d 1170 [2014] [decided herewith]), we conclude that the Supreme Court providently exercised its discretion in granting the plaintiffs' motion to preliminarily enjoin the defendants from enforcing the ordinance, and properly denied the defendants' motions, in effect, for summary judgment declaring that the ordinance is an authorized exercise of the defendants' lawmaking authority and is constitutional under the New York and United States Constitutions. However, the court should have denied the defendants' motions without prejudice to renewal upon the completion of discovery. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.