Hofstra Univ. v Nassau County, N.Y. (2018 NY Slip Op 08013)





Hofstra Univ. v Nassau County, N.Y.


2018 NY Slip Op 08013


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-08869
 (Index Nos. 3335/11, 3203/11, 3075/11, 3069/11)

[*1]Hofstra University, respondent,
v
Nassau County, New York, et al., appellants. (Action No. 1)
St. Francis Hospital, etc., et al., respondents,Nassau County, New York, et al., appellants. (Action No. 2)
Board of Education of East Meadow Union Free School District, et al., respondents,
v
County of Nassau, appellant, et al., defendants. (Action No. 3)
Baldwin Union Free School District, et al., respondents,County of Nassau, appellant, et al., defendants. (Action No. 4)


Spolzino, Smith, Buss & Jacobs, LLP, Yonkers, NY (Robert A. Spolzino and Joanna Topping of counsel), for appellants.
Harris Beach PLLC, Uniondale, NY (Keith M. Corbett and Kadion D. Henry of counsel), for respondents in Action Nos. 1 and 2.
Jaspan Schlesinger LLP, Garden City, NY (Scott Fisher of counsel), for respondents in Action No. 3.
Guercio & Guercio LLP, Farmingdale, NY (Barbara P. Aloe of counsel), and Ingerman Smith LLP, Hauppauge, NY (Carrie Anne Tondo of counsel), for respondents in Action No. 4 (one brief filed).



DECISION & ORDER
In four related actions, inter alia, for a judgment declaring that Nassau County Ordinance No. 184-2010, as amended by Nassau County Ordinance No. 199-2010, is an unauthorized exercise of the defendants' lawmaking authority and is unconstitutional under the New York and United States Constitutions, which were joined for trial, the defendants Nassau County, New York, sued herein as County of Nassau in Action Nos. 3 and 4, and Nassau County Treasurer appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered May 23, 2016. The order, insofar as appealed from, in effect, denied that branch of those defendants' motion which was to modify a preliminary injunction granted to the plaintiffs in each action so as [*2]to require that the plaintiffs in Action Nos. 1 and 2 and certain of the plaintiffs in Action No. 3 post an undertaking pursuant to CPLR 6312(b) in the collective sum of $48 million, to fix damages pursuant to CPLR 2512(1) against certain of the plaintiffs in Action No. 3 and the plaintiffs in Action No. 4 in the collective sum of $48 million, and directed certain of the plaintiffs to post an undertaking in the sum of only $500.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs commenced separate actions to challenge Nassau County Ordinance 184-2010 (the ordinance), as amended by Nassau County Ordinance 199-2010. The ordinance was enacted November 3, 2010, and authorized the imposition of "service charges" upon certain users of the sewer system "at a rate not to exceed $0.01 per gallon of water entering the County's sewage system based on consumption for 2009 as reported by [the entities] providing water to parcels in the District." Each of the plaintiffs are subject to the sewer service charges imposed by the ordinance. By two separate orders entered October 23, 2011, in Action Nos. 1 and 2, and Action No. 4, respectively, and an order entered October 26, 2011, in Action No. 3, the Supreme Court granted the respective plaintiffs' motions to preliminarily enjoin the defendants from enforcing the ordinance. These orders were affirmed by this Court on prior appeals (see Hofstra Univ. v Nassau County, 120 AD3d 1191; Board of Educ. of E. Meadow Union Free Sch. Dist. v County of Nassau, 120 AD3d 1170; Baldwin Union Free Sch. Dist. v County of Nassau, 120 AD3d 1166).
Subsequently, Nassau County, New York, a defendant in Action Nos. 1 and 2, and sued as County of Nassau in Action Nos. 3 and 4, and Nassau County Treasurer, a defendant in Action Nos. 1 and 2 (hereinafter together the County), moved, inter alia, to modify the preliminary injunction by requiring that the nonmunicipal plaintiffs in Action Nos. 1, 2, and 3 give an undertaking in the collective sum of $48 million, and fixing the liability of the school district plaintiffs in Action Nos. 3 and 4 in the collective sum of $48 million. By order entered May 23, 2016, the Supreme Court, in effect, denied that branch of the County's motion which was to modify the preliminary injunction and directed that the nonmunicipal plaintiffs post an undertaking in the sum of $500.
Contrary to the contentions of all of the plaintiffs, the issues raised by the County on the instant appeal are not foreclosed by the decision and order on motion of this Court dated October 7, 2016, and are properly before this Court on appeal (see CPLR 5701).
CPLR 6312(b) requires the beneficiary of a preliminary injunction to post an undertaking (see Margolies v Encounter, Inc., 42 NY2d 475, 479; Glorious Temple Church of God in Christ v Dean Holding Corp., 35 AD3d 806, 807). The purpose of the undertaking is to "compensate the defendant for damages incurred by reason of an injunction in the event it is determined that the plaintiff was not entitled to the injunction" (91-54 Gold Rd., LLC v Cross-Deegan Realty Corp., 93 AD3d 649, 650; see CPLR 6312[b]). The amount of the undertaking must not be based upon speculation and must be "rationally related to the [amount of potential] damages" which the defendant might suffer if it is later determined that the injunction was unwarranted (Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d 872, 874 [citation an internal quotation marks omitted]; see Parolisi v Slavin, 98 AD3d 488; 91-54 Gold Road, LLC v Cross-Deegan Realty Corp., 93 AD3d at 650; Access Med. Group, P.C. v Straus Family Capital Group, LLC, 44 AD3d 975; Lelekakis v Kamamis, 303 AD2d 380). " The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion'" (Olympic Ice Cream Co., Inc. v Sussman, 151 AD3d at 874, quoting Ujueta Euro-Quest Corp., 29 AD3d 895, 896; see S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc., 57 AD3d 642).
CPLR 2512(1) exempts from posting an undertaking "the state, a domestic municipal corporation[,] or a public officer in behalf of the state or of such a corporation." "Such parties shall, however, be liable for damages . . . not exceeding an amount which shall be fixed by the court whenever it would require an undertaking of a private party" (CPLR 2512[1]). Thus, when a [*3]preliminary injunction is granted against a CPLR 2512(1) entity, the court is "required to fix the limit of the [municipality's] liability for damages" (Town of Putnam Val. v Cabot, 50 AD3d 775, 776).
The Supreme Court providently exercised its discretion in denying that branch of the County's motion which was to set an undertaking pursuant to CPLR 6312(b) in the sum of $48 million and to fix damages pursuant to CPLR 2512(1). As of the date of the County's motion, the County had yet to decide upon or adopt any methodology by which the sewer service charges authorized by the ordinance would be calculated and, thus, the amount of damages was not then ascertainable. If or when such a methodology is adopted, the County may move, if it deems appropriate, in the Supreme Court to amend the preliminary injunction to increase the amount of the undertaking and to fix damages (see CPLR 6314).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.

2016-08869 DECISION & ORDER ON MOTION
Hofstra University, respondent,
v Nassau County, New York, et al., appellants.
(Action No. 1)
St. Francis Hospital, etc., et al., respondents,
v Nassau County, New York, et al., appellants.
(Action No. 2)
Board of Education of East Meadow Union Free
School District, et al., respondents, v County of
Nassau, appellant, et al., defendants.
(Action No. 3)
Baldwin Union Free School District, et al.,
respondents, v County of Nassau, appellant,
et al., defendants.
(Action No. 4)
(Index Nos. 3335/11, 3203/11, 3075/11, 3069/11)

Cross motion by the respondents in Action Nos. 1 and 2, and separate cross motion by the respondents in Action No. 3, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered May 23, 2016. Separate cross motion by the respondents in Action No. 4, inter alia, to dismiss the appeal. By decision and order on motion of this Court dated March 15, 2017, the cross motion by the respondents in Action Nos. 1 and 2, the separate cross motion by the respondents in Action No. 3, and that branch of the separate cross motion of the respondents in Action No. 4 were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the cross motion of the respondents in Action Nos. 1 and 2, the separate cross motion of the respondents in Action No. 3, and that branch of the separate cross motion of the respondents in Action No. 4, which were to dismiss the appeal are denied.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court