City of New York v Land & Bldg. Known as 634 Nostrand Ave. (2023 NY Slip Op 51445(U))

[*1]

City of New York v Land & Bldg. Known as 634 Nostrand Ave.

2023 NY Slip Op 51445(U)

Decided on December 28, 2023

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 28, 2023
Supreme Court, Kings County

The City of New York, Plaintiff,

against
The Land and Building Known as 634 Nostrand Avenue a/k/a 1192 Dean Street, Tax Block #1212, Tax Lot #42, County of Kings, City and State of New York; Pacific Village L.P.; "Craft Beer and Cloud Hookah," located within the ground floor of the building at 634 Nostrand Avenue, Brooklyn, New York, and any person claiming any right, title or interest in the real property which is the subject of this action, Defendants.

Index No. 526121/2023

For Plaintiff City of New York: Clayton Asher Bowman for the New York City Police Department, 1 Police Plaza, New York, NY 10038
For Defendants: No appearances.

Patria Frias-Colón, J.

Upon the foregoing papers and without opposition on November 22, 2023, Plaintiff The City of New York ("City") moves, by Order to Show Cause (OSC), for an order, pursuant to §7-707 of the New York City Administrative Code and CPLR §§ 6301 and 6311, preliminarily enjoining Defendants, their agents, employees and/or representatives from: (1) the use and/or occupancy of the commercial premises operating as "Craft Beer and Cloud Hookah," located within the ground floor of the building at 634 Nostrand Avenue, a/k/a 1192 Dean Street in Brooklyn (Premises) for any purpose whatsoever, and directing that said Premises shall be closed; (2) removing or in any other manner interfering with the furniture, fixtures and movable property used in conducting, maintaining or permitting the nuisance complained of; and (3) conducting, maintaining, operating or permitting the Premises to be used, occupied or operated for the sale of cannabis (a/k/a marijuana) without a license from the New York State Office of Cannabis Management, in violation of § 125 of the Cannabis Law.[FN1]

[*2]Background
On September 8, 2023, the City commenced this action by filing a summons and a verified complaint alleging that Defendants, who are tenants/operators/owners of the Premises, are permitting the sale of cannabis at the Premises without a Conditional Adult-Use Retail Dispensary (CAURD) license authorizing the lawful sale of adult-use cannabis, as required by § 125 of the Cannabis Law.[FN2]
The complaint alleges that "[t]he use of a building or premises for a business without the requisite license is a public nuisance under Administrative Code § 7-703 (f).[FN3]

The complaint further alleges that on three separate dates, April 20, 2023, April 28, 2023 and May 10, 2023, "the premises has been used to sell cannabis without a CAURD license..." and "[t]he illegal transactions were personally observed by a plainclothes officer, and on all three incident dates, the undercover auxiliary officer who purchased the cannabis was under the age of twenty-one (21)."[FN4]
The complaint alleges that on all three dates, an underage auxiliary police officer went to the Premises known and operated as "Craft Beer & Cloud Hookah" and purchased a pre-rolled cigarette purportedly containing cannabis from an individual behind the sales counter, the transactions were observed by plainclothes police officers and the police laboratory later confirmed that the items were cannabis.[FN5]

The complaint asserts a cause of action for a permanent injunction and asserts that "[t]hose individuals involved in the use of the subject premises for the unlicensed sale of cannabis may still have access to the subject premises, thus the opportunity for illegal activity and the consequential negative effect on the surrounding community still exists" and "a permanent injunction and closing order is necessary to abate this serious public nuisance[,]" pursuant to §§ 7-706 and 7-714 of the Administrative Code.[FN6]

The City's OSC for a Preliminary Injunction
On September 18, 2023, 10 days after commencement, the City moved, by OSC, for a preliminary injunction, pursuant to § 7-707 of the Administrative Code and CPLR §§ 6301 and 6311, enjoining Defendants, their agents, employees and/or representatives from using or occupying the Premises, from removing any property used in conducting the nuisance complained of and from permitting the Premises to be used or operated for the sale of cannabis without the requisite CAURD license during the pendency of this action.[FN7]

The City submits a moving affidavit from Dawn Kelly, a senior investigator with the New York State Office of Cannabis Management ("OCM"), who attests that she made a diligent search of her office's records and concluded that "no licenses have been issued by OCM to any individuals and/or establishments operating at the subject [p]remises, furthermore [Defendants] do not have any applications pending."[FN8]

The City submits an affidavit from Detective Jason Maharaj ("Detective Maharaj"), who [*3]attests that on April 20, 2023, he "along with an NYPD Auxiliary Police Officer, in an undercover capacity, participated in an investigation and enforcement relating to violations of the Cannabis Law which were occurring at the commercial establishment conducting business under the name 'Craft Beer & Cloud Hookah'...".[FN9]
However, Detective Maharaj inconsistently describes the April 20, 2023 investigation as occurring at the Premises under a different business name:
On April 20, 2023, I met with the Auxiliary New York State Police Officer, examined his/her New Driver's License and NYPD Identification card and verified that he/she was nineteen (19) years old. Thereafter, the prior Auxiliary Police Officer and I proceeded together to the subject premises. Prior to entering the subject premises, I observed an awning that indicated that it was conducting business under the name 'Jordan's Candy & Convenience Store.' Once inside the subject premises, I observed the Auxiliary Police Officer approach a male who was situated behind the sales counter. I further observed the Auxiliary Police Officer hand the male a sum of United States currency and, in return, the male handed the Auxiliary Police Officer one (1) pre-rolled cigarette containing alleged cannabis. The male who sold the alleged cannabis to the Auxiliary Police Officer did not question the Auxiliary Police Officer as to his/her age, nor did he ask the Auxiliary Police Officer to display any form of identification to prove that he/she was at least twenty-one (21) years old.
Thereafter, the Auxiliary Police Officer and I exited the subject premises and we returned to the staging area, at which time, the Auxiliary Police Officer handed me the one (1) pre-rolled cigarette containing alleged cannabis that he/she purchased. The purchased item was vouchered under Property Clerk's Invoice Number 3001576605. The NYPD Police Laboratory subsequently analyzed the purchased item vouchered under Property Clerk's Invoice Number 3001576605, and it was found to contain cannabis.[FN10]
The City also submits affidavits from Police Officer Angel Balbuena describing his investigation of the Premises on April 28, 2023 and from Police Officer Aisha Walker describing her investigation of the Premises on May 10, 2023.[FN11]
Both affidavits are nearly identical to Detective Maharaj's affidavit with the exceptions of the dates of the investigations and that Officer Balbuena and Officer Walker's affidavits consistently identify the Premises as "Craft Beer & Cloud Hookah."[FN12]

Additionally The City submits an attorney affirmation asserting that: "[t]he annexed affidavits of OCM Senior Investigator Kelly, Detective Jason Maharaj, Police Officer Angel Balbuena, and Police Officer Aisha Walker, and the annexed laboratory reports provided in support of this application constitute clear and convincing evidence that the subject premises is a public nuisance under § 7-703 (f) of the Administrative Code, due to the use of the subject premises for a business that is not licensed as required by law. The annexed affidavits and laboratory reports establish violations of the licensing requirement of Cannabis Law § 125 predicated on the unlicensed sale and/or possession of cannabis at the subject premises on April [*4]20, 2023, April 28, 2023 and May 10, 2023."[FN13]
The City further argues that "[a]n injunction is the only effective remedy to immediately abate this serious public nuisance and protect the surrounding community."[FN14]

Defendants failed to oppose the City's OSC for a preliminary injunction and failed to answer or otherwise respond to the City's complaint.
Discussion
"To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor". Congregation Erech Shai Bais Yosef, Inc. v. Werzberger, 189 AD3d 1165, 1166-1167 (2020). "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" Soundview Cinemas, Inc. v. AC I Soundview, LLC, 149 AD3d 1121, 1123 (2017). "As a general rule, the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court". Id. at 1123.
Here, the City established its prima facie entitlement to a preliminary injunction enjoining Defendants from using the commercial business known as "Craft Beer & Cloud Hookah" for any purpose, including the sale of cannabis without the requisite CAURD license, during the pendency of this action based on uncontroverted affidavit testimony.
Investigator Kelly confirmed that Defendants do not have the required CAURD license and Police Officers Balbuena and Walker described their investigation of the Premises on April 28, 2023 and on May 10, 2023, when they witnessed an individual behind the counter at "Craft Beer & Cloud Hookah" sell an undercover minor a pre-rolled marijuana cigarette.[FN15]

The use of the Premises for the unlicensed sale of cannabis to minors during the pendency of this action would irreparably harm the surrounding community, and the equities favor the City, especially since this case involves the alleged illegal sale of marijuana to minors.
Accordingly, it is hereby ORDERED that the City's OSC for a preliminary injunction during the pendency of this action is granted without opposition and on default.
It is further ORDERED that Defendants, their agents and representatives are hereby enjoined from: (1) using and/or occupying the Premises for any purpose, including, but not limited to the sale of cannabis without the requisite CAURD license during the pendency of this action, and (2) removing or in any other manner interfering with the furniture, fixtures and movable property at the Premises. Pursuant to CPLR § 2512, a municipality is exempt from giving an undertaking. See Town of Putnam Valley v. Cabot, 50 AD3d 775, 2nd Dept. (2008).
This constitutes the Decision and Order of the Court.
Dated: December 28th, 2023
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc. # 15

Footnote 2:NYSCEF Doc. #144 at 71:23-71:27

Footnote 3:Id. at 8

Footnote 4:Id. at 9

Footnote 5:Id. at 10-12

Footnote 6:Id. at 13-14 and 28-30

Footnote 7:NYSCEF Doc. # 3

Footnote 8:NYSCEF Doc. # 7 at ¶ 3

Footnote 9:NYSCEF Doc. # 8 at ¶ 5

Footnote 10:Id. at ¶¶ 7-8

Footnote 11:NYSCEF Doc. #s 10 and 11

Footnote 12:Id. at ¶¶ 5, 7-8

Footnote 13:NYSCEF Doc. # 8 at ¶ 31

Footnote 14:Id. at ¶ 32

Footnote 15:(NYSCEF Doc Nos. 8, 10 and 11)